LOUISIANA CIVIL CASE REPORTING
PART A
Civil Case Cover Sheet - LA. R.S. 13:4688 and
Part G, §13, Louisiana Supreme Court General Administrative Rules

This civil case cover sheet shall be completed by counsel for the petitioner, counsel's authorized
representative, or by the pro se litigant (if not represented by counsel) and submitted with the original
petition filed with the court. The information should be the best available at the time of filing. This
information does not constitute a discovery request, response or supplementation, and is not admissible
at trial.

Suit Caption: Michael and Lisa Livette        vs.   The Bank of New York Mellon ET AL

Court: 4th JDC                    Docket Number: 18-0914

Parish of Filing: Ouachita        Filing Date: March 14, 2018

Name of Lead Petitioner's Attorney: Christopher J. Guillory

Name of Pro Se Litigant: _____

Number of named petitioners: 2        Number of named defendants: 2

Type of Lawsuit:  Please check the categories which most appropriately apply to this suit
(no more than 3 categories should be checked):

__Auto: Personal Injury                    __ Auto: Property Damage
__Auto: Wrongful Death                     __ Auto: Uninsured Motorist
__Asbestos: Property Damage                __ Asbestos: Personal Injury/Death
__Product Liability                        __ Premise Liability
__Intentional Bodily Injury                __ Intentional Property Damage
__Intentional Wrongful Death               __ Unfair Business Practice
__Business Tort                            __ Fraud
__Defamation                               __ Professional Negligence
__Environmental Tort                       __ Medical Malpractice
__Intellectual Property                    __ Toxic Tort
__Legal Malpractice                        __ Other Tort (describe below)
__Other Professional Malpractice           __ Redhibition
__Maritime                                 __ Class action (nature of case)
__Wrongful Death
__General Negligence

Please briefly describe the nature of the litigation in one sentence of additional detail:
_____
_____

Following the completion of this form by counsel, counsel's representative, or by the pro se litigant,
this document will be submitted to the Office of the Judicial Administrator, Supreme Court of
Louisiana, by the Clerk of Court.
Name, address and contact information of person completing form:

Name Dana Benson            Signature Dana Benson

Address 301 S. Grand St  Monroe LA 71201

Phone number: 318-327-1444      E-mail address: _____

*Into Not Furnished by Atty!!*

EXHIBIT "A"

| | |
|---|---|
| MICHAEL and LISA LIRETTE : | 4th JUDICIAL DISTRICT COURT |
| VS. NO. _____ , DIVISION ____ : | PARISH OF OUACHITA |
| THE BANK OF NEW YORK MELLON : | STATE OF LOUISIANA |

THE BANK OF NEW YORK MELLON
F/K/A THE BANK OF NEW YORK, NOT
IN ITS INDIVIDUAL CAPACITY BUT
SOLELY AS TRUSTEE FOR THE
BENEFIT OF THE CERTIFICATEHOLDERS
OF THE CWABS, INC., ASSET-BACKED
CERTIFICATES, SERIES 2006-22,
BANK OF AMERICA, N.A., and
SPECIALIZED LOAN SERVICING,
LLC  18-0914

FILED: _____  :

[MAR 1 4 2018]

DEPUTY CLERK

## PETITION FOR DECLARATORY JUDGMENT AND FOR DAMAGES

The Petition of MICHAEL and LISA LIRETTE (jointly referred to herein as

"LIRETTE"), married individuals of the full age of majority and residents of Ouachita Parish,

Louisiana, respectfully represents:

1.

Made Defendants herein are:

THE BANK OF NEW YORK MELLON F/K/A THE BANK OF
NEW YORK, NOT IN ITS INDIVIDUAL CAPACITY BUT
SOLELY AS TRUSTEE FOR THE BENEFIT OF THE
CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-
BACKED CERTIFICATES, SERIES 2006-22 ("NEW YORK
MELLON"), a national bank which may be served via its counsel,
Herschel C. Adcock, Jr., 13541 Tiger Bend Rd., Baton Rouge, LA
70817;

and

BANK OF AMERICA, N.A. ("BANK OF AMERICA"), a

national bank authorized to and doing business in Louisiana, which may be served via its registered agent for service of process, CT Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816;

and

SPECIALIZED LOAN SERVICING, L.L.C. ("SLS"), a foreign limited liability company licensed to and doing business in the State of Louisiana, which may be served via its registered agent for service of process, United Agent Group, Inc., 1070-B West Causeway Approach, Mandeville, LA 70741.

2.

On or about November 17, 2006, Plaintiffs LIRETTE purchased a house and immovable

CASE ASSIGNED TO:
CV. SECT. 3

property more particularly described as follows (the "subject property"):

Lot Six (6), Unit Number One (1), Lincoln Woods Estates, Ouachita Parish, Louisiana, as per plat filed in Plat Book 19, Page 75, records of Ouachita Parish, Louisiana, together with all buildings and improvements situated thereon.

Municipal Address: 111 Lincoln Ridge Circle, Monroe, LA 71203-8876

3.

As part of that purchase, LIRETTE as owner of the subject property entered into a mortgage against the subject property on November 17, 2006, with Countrywide Home Loans, Inc. (now Defendant BANK OF AMERICA) ("original mortgage").

4.

The principal of the original mortgage was $267,900.00, and the interest was at an adjustable rate with rates ranging from 11.875 percent to 18.875 percent.

5.

Defendant BANK OF AMERICA then purportedly transferred its rights and interests in the original mortgage to Defendant NEW YORK MELLON, though LIRETTE has no direct proof that Defendant NEW YORK MELLON actually obtained the said rights and interests.

6.

Defendant NEW YORK MELLON subsequently initiated a foreclosure proceeding on the original mortgage via Petition for Executory Process on July 7, 2011, Suit No. C-20112090, Sec. C1, 4th Judicial District Court, Parish of Ouachita, State of Louisiana (the "foreclosure proceeding").

7.

Defendant NEW YORK MELLON asserted in the foreclosure proceeding that the original mortgage had an outstanding principal amount owed of $264,077.34.

8.

By way of the foreclosure proceeding on the original mortgage, Defendant NEW YORK MELLON had the subject property seized and sold by the Ouachita Parish Sheriff's Office at sheriff's sale on or about September 28, 2011 (the "sheriff's sale").

9.

Defendant NEW YORK MELLON purchased the subject property at the September 28, 2011, sheriff's sale for $200,000.00.

10.

By virtue of the sheriff's sale of the subject property on September 28, 2011, to Defendant NEW YORK MELLON (which foreclosed on the original mortgage against the subject property), the original mortgage in favor of Defendant NEW YORK MELLON against the subject property was immediately fully extinguished by confusion. See La. C.C. Arts. 1903 and 3319(2).

11.

Additionally, by virtue of the sheriff's sale of the subject property on September 28, 2011, to Defendant NEW YORK MELLON, all liens and judgments that were inferior to the original mortgage in favor of Defendant NEW YORK MELLON were fully released and

canceled pursuant to La. Code Civ. Proc. Art. 2376.

12.

In spite of having obtained ownership of the subject property at the September 28, 2011, sheriff's sale, and in spite of the original mortgage on the subject property having been extinguished by confusion, Defendant NEW YORK MELLON continued to engage LIRETTE in a purported loan modification process, whereby it represented that LIRETTE would continue to own the subject property under modified loan terms (even though Defendant NEW YORK MELLON had already purchased the subject property at sheriff's sale), with payments to continue being made by LIRETTE to Defendant NEW YORK MELLON under threat of foreclosure (which had already occurred).

13.

Defendant NEW YORK MELLON then purportedly transferred its rights and interests in the original mortgage (which had been fully extinguished by confusion, see Paragraph 10 hereinabove) to Defendant SLS, though LIRETTE has no direct proof that Defendant SLS actually obtained the said rights and interests in and to an extinguished mortgage.

14.

Meanwhile, in an ultimately futile effort to avoid seizure and sale of the subject property, LIRETTE had initiated a voluntary bankruptcy proceeding (No. 11-31883, U.S. Bankruptcy Court, W.D. La., Monroe Division) on the same date as the sheriff's sale (September 28, 2011), but that process was not initiated until after the sheriff's sale had concluded, meaning the sheriff's sale was effective and was not stayed.

15.

In the bankruptcy proceeding, Defendant SLS filed a statement of claim, in spite of the original mortgage having been fully extinguished by confusion as set forth in Paragraph 10

hereinabove. The bankruptcy actually continued with Defendant SLS identified as a secured creditor. The bankruptcy was ultimately dismissed on June 10, 2013.

16.

LIRETTE then entered into what was expressed to LIRETTE by Defendant SLS to be a loan modification on the original mortgage against the subject property that LIRETTE owned, so as to prevent foreclosure and permit LIRETTE to keep ownership of their home -- none of which was actually true, insofar as Defendant NEW YORK MELLON owned the subject property and with the original mortgage having been fully extinguished by confusion pursuant to the September 28, 2011, sheriff's sale.

17.

By letter dated November 11, 2014, Defendant SLS advised LIRETTE that LIRETTE qualified for a loan modification under the HAMP Foreclosure Prevention Option.

18.

By letter dated February 12, 2015, Defendant SLS sent LIRETTE more specific information regarding the purported loan modification.

19.

Under threat of foreclosure on the subject property LIRETTE mistakenly believed they owned when it was actually owned by Defendant NEW YORK MELLON, LIRETTE then signed a Modification Agreement of the purported mortgage on or about February 17, 2015, whereby the principal balance of the purported mortgage was inexplicably _increased_ to **$388,561.49**.

20.

As stated hereinabove at Paragraph 4, the principal amount of the original mortgage was $267,900.00. As stated hereinabove at Paragraph 7, the principal amount owed as set forth by Defendant NEW YORK MELLON in the foreclosure proceeding was $264,077.34. The

difference between the amount of the SLS "modification" and the amount identified by Defendant NEW YORK MELLON in the foreclosure proceeding is an additional and inexplicable **$124,484.15** of principal, or an increase of over **forty-seven percent (47%)** of principal.

21.

The "modification" of the purported mortgage identified hereinabove at Paragraph 18 is a nullity, insofar as it was signed by LIRETTE, who had no ownership rights in the subject property at the time of the signing. La. C.C. Art. 2029 et seq.

22.

Defendant SLS continued to fraudulently induce LIRETTE to remit payments to it on the purported mortgage with modified "terms" at increased payment amounts, all while the subject property was owned by Defendant NEW YORK MELLON.

23.

On March 16, 2016, Defendant SLS then purportedly transferred its rights and interests in the purported mortgage (which had been fully extinguished by confusion, see Paragraph 10 hereinabove) to Defendant BANK OF AMERICA, the original mortgage-holder, though LIRETTE has no direct proof that Defendant BANK OF AMERICA actually obtained the said rights and interests in and to an extinguished mortgage.

24.

After the subject property sustained flood damage in or about March 2016, LIRETTE commenced repairs to the subject property. In doing so, LIRETTE sought to obtain an SBA loan to obtain funds to complete repairs. In that process, LIRETTE was denied an SBA loan because it told LIRETTE that LIRETTE did not actually own the subject property.

25.

LIRETTE then contacted Defendant BANK OF AMERICA regarding and inquiring about same. Defendant BANK OF AMERICA verbally advised LIRETTE that LIRETTE owned the subject property and that the original deed was still in LIRETTE's name. Defendant BANK OF AMERICA failed to fully respond to this concern and continued to demand payments from LIRETTE.

26.

On or about August 16, 2016, LIRETTE then sent a written letter to Defendant BANK OF AMERICA outlining their concerns and requesting assistance.

27.

By letter dated August 29, 2016, Defendant BANK OF AMERICA advised LIRETTE that it was "in receipt of your correspondence dated August 16, 2016, which was received on August 22, 2016, by Bank of America... The concerns addressed in the correspondence require further detailed analysis. We will respond to the request after we have completed our investigation."

28.

By letter dated September 29, 2016, Defendant BANK OF AMERICA advised LIRETTE that it was "in the process of obtaining additional information needed in order to complete the research and respond to the recent home loan request dated August 16, 2016, which was received on August 22, 2016, by Bank of America, N.A., as successor by merger to BAC Home Loans Servicing, LP ("Bank of America"), regarding the referenced loan. Please allow an additional 15 business days for a response to be sent."

29.

On November 28, 2016, Defendant BANK OF AMERICA advised LIRETTE in writing that it was purportedly transferring its rights in the purported mortgage (which, again, had been fully extinguished by confusion, see Paragraph 10 hereinabove) to Defendant SLS effective December 15, 2016, though LIRETTE has no direct proof that Defendant SLS actually obtained the said rights and interests in and to an extinguished mortgage.

30.

By letter dated December 28, 2016, Defendant BANK OF AMERICA advised LIRETTE that Defendant SLS had been contacted "regarding the title issue and they have confirmed they

are actively working to correct the issue."

31.

LIRETTE then sent Defendant SLS a written letter on or about January 25, 2017,

outlining their concerns and requesting assistance.

32.

Defendant SLS sent a letter to LIRETTE dated February 7, 2017, advising that "[w]e

realize the urgency of your inquiry and we appreciate your patience. We will have a response

issued to you within applicable state and/or federal time frames."

33.

Defendant SLS then sent a letter to LIRETTE dated February 16, 2017, threatening that

the purported mortgage "is now in default" and threatening foreclosure – again, on an original

mortgage that was extinguished by confusion pursuant to the September 28, 2011, sheriff's sale

(see Paragraph 10 hereinabove).

34.

By letter dated March 21, 2017, Defendant SLS advised LIRETTE that "additional

research is required to ensure that all of your concerns are being addressed" and that Defendant

SLS "will have a response issued to you within the next fifteen (15) business days."

35.

Twenty-one (21) days later, by letter dated April 11, 2017, from Defendant SLS to

LIRETTE, Defendant SLS advised LIRETTE as follows:

> The servicing rights to your account were received from Bank of
> America effective December 15, 2016. After further research of
> your concerns regarding the reconveyance of title associated with
> the Sheriff Sale recorded on October 12, 2011, with the Ouachita
> Parish (sic), **we have identified that the prior servicer did not
> complete the reconveyance of title prior to the service-release**

<u>**of the account**</u>. At this time, SLS is working diligently on this issue to correct the reconveyance and vesting of the title. Please allow 60 to 90 days for this completion.

<u>**With the regards (sic) to the adjustment of the principal balance to $200,000.00 and subsequent mortgage payments tendered after the recording of the Sheriff Sale,** *SLS has not been granted permission by the investor to adjust the balance owed.* **At the time of the servicing transfer, the unpaid principal balance was $381.227.229. We have confirmed that this is consistent with the Home Affordable Modification Program (HAPM) Tier 2, effective March 15, 2015, when the modified principal balance reflected $388,561.49.**</u>

We have responded regarding the errors alleged on the account and the corrections made to the account, as applicable. We trust that we have responded to your concerns.

(Emphasis added.)

36.

On the May 1, 2017, Mortgage Statement from Defendant SLS to LIRETTE, the "Total Amount Due" reflected on the said statement was "-$122,406.50". An amount of $124,660.34 was inexplicably identified to be in "Suspense".

37.

On May 23, 2017, Defendant NEW YORK MELLON filed herein what it styled an "Ex-Parte Motion and Order to Rescind Sheriff's Sale" relative to the sheriff's sale from September 28, 2011 -- some five years and eight months following the sheriff's sale. In it, it sought to revoke the sheriff sale of the subject property and restore ownership of the subject property back in favor of LIRETTE, in an effort to effectively validate and excuse all actions by all Defendants as identified hereinabove, and with zero consideration given to the impacts of those actions on LIRETTE. The Ex Parte Motion also sought to reinstate the extinguished mortgage, as well as all inferior liens and judgments that had been released and canceled.

38.

The subject mortgage, once extinguished by confusion pursuant to La. C.C. Arts. 1903 and 3319(2), cannot simply be reinstated in such a manner. The same holds true with respect to inferior liens and judgments released and canceled by La. Code Civ. Proc. Art. 2376.

39.

Moreover, Defendant NEW YORK MELLON had no standing or interest to even attempt to reinstate the subject mortgage that was extinguished by confusion some five years and eight months prior, particularly if any rights to same (if any) were transferred to Defendant SLS, and then to Defendant BANK OF AMERICA, and then back to Defendant SLS.

40.

Nevertheless, based on the representations of Defendant NEW YORK MELLON in its "Ex Parte Motion", its requested Order was signed ex parte without hearing on June 1, 2017, which provided:

> IT IS ORDERED, ADJUDGED, AND DECREED that the sheriff's sale previously held in this matter on September 28, 2011 be rescinded and declared null and void and the recorded Sheriff's Sale Deed issued on October 12, 2011 at File Number 1591816, Book 2267, Page 332 be inscribed "null and void."
>
> IT IS FURTHER ORDERED, ADJUDGED, AND DECREED all

> encumbrances on the attached mortgage certificate be reinstated as if said Sheriff's Sale never took place.

41.

LIRETTE plans to file a Motion to Set Aside the Order on Defendant NEW YORK MELLON's Ex Parte Motion in the foreclosure proceeding as to the reinstatement of the extinguished mortgage and encumbrances.

42.

In addition to continuing to maintain the subject property and continuing to make payments to Defendants for a purported but not actual mortgage against property that Defendant

NEW YORK MELLON actually owned, LIRETTE also continued to pay for homeowners insurance, flood insurance, and property taxes against the subject property, all to the benefit of Defendant NEW YORK MELLON.

43.

Because of the foreclosure proceeding and resulting bankruptcy proceeding, and because of the ongoing issues related to payments on a principal balance that inexplicably increased nearly fifty (50%) percent, LIRETTE has suffered financial hardship and adverse impact to LIRETTE's credit score, thereby negatively impacting LIRETTE's ability to secure financing for purchases or only being able to do so at higher interest rates.

44.

Importantly, because LIRETTE did not own the subject property at the time any "modification" documents were signed with any Defendant identified hereinabove, none of the documents executed by LIRETTE after September 28, 2011, relative to the subject property have any legal effect as to LIRETTE with respect to the subject property, including any mortgages, loans, or modifications relating to same. La. C.C. Arts. 1966 and 2029 et seq. This is regardless of whether the Order on Defendant NEW YORK MELLON's "Ex Parte Motion" remains effective, because at the time of LIRETTE's execution of any such documents, LIRETTE was not the owner of the subject property.

45.

LIRETTE seeks herein that this Honorable Court render a declaratory judgment that:

(a) The mortgage referenced in Paragraph 3 hereinabove was fully extinguished on

September 28, 2011, by confusion in accordance with La. C.C. Arts. 1903 and 3319(2).

(b) Any and all modifications to the mortgage executed by LIRETTE after the sheriff's

sale of the subject property on September 28, 2011, are either absolute or relative nullities because LIRETTE did not own the subject property at the time of their execution.

(c) LIRETTE is entitled to reimbursement for all amounts paid to any Defendant after September 28, 2011, pursuant to the purported mortgage and modifications.

46.

LIRETTE further seeks herein that this Honorable Court grant LIRETTE recovery of general damages from all Defendants for their ongoing fraud, fraudulent inducement to pay a mortgage, breach of fiduciary duty, and for reimbursement for property taxes, property insurance, flood insurance, and other pertinent expenses to ownership of the subject property since Defendant NEW YORK MELLON actually owned the subject property after the sheriff's sale on September 28, 2011.

47.

LIRETTE further seeks recovery of damages from Defendant SLS for acting in bad faith and/or fraudulently inducing LIRETTE to execute a "modification agreement" whereby the principal balance owed on the purported mortgage inexplicably increased more than forty-seven percent (47%) than the previous principal balance.

48.

Alternatively, Defendants' actions and failure in their obligations as set forth hereinabove constitute such material and significant breaches done with such gross negligence and wanton disregard of LIRETTE's rights as to constitute constructive fraud, damaging LIRETTE.

49.

LIRETTE further seeks general damages from all Defendants due to great stress and mental anguish associated with dealing with this situation since learning of the problem and attempting unsuccessfully to resolve it with the various lenders.

50.

Defendants had an obligation to do everything reasonably possible to recognize that

LIRETTE did not own the subject property, and that the subject mortgage had been extinguished by confusion, and that any documents executed by LIRETTE subsequent to the sheriff's sale outlined above were without legal effect. Instead, Defendants have failed to act reasonably in the handling of these matters and have breached their obligation of good faith and fair dealing.

51.

LIRETTE further seeks statutory damages pursuant to 12 U.S.C. § 2605 insofar as Defendants are in violation of same and are liable for damages, costs, and attorney fees as set forth in the statute.

52.

Defendants are also liable to LIRETTE for conversion, insofar as they demanded and received payments under a purported mortgage that had been otherwise extinguished by confusion, and for receiving payments under mortgage documents that were null and without legal effect that were executed after LIRETTE was no longer the owner of the subject property.

53.

LIRETTE further seeks any and all damages available, including treble damages should they be appropriate, pursuant to La. R.S. 51:1401 et seq., the "Louisiana Unfair Trade Practices and Consumer Protection Law."

54.

LIRETTE further seeks any and all damages available from all Defendants for breach of fiduciary duty.

55.

LIRETTE further seeks recovery of all attorney fees and court costs expended herein.

56.

LIRETTE further requests trial by jury for all matters related to LIRETTE's claims for general damages.

**WHEREFORE**, Petitioners, MICHAEL and LISA LIRETTE, pray that after Defendants are served with notice and citation herein and due proceedings are had, that this Honorable Court render a declaratory judgment that:

(1) The mortgage referenced in Paragraph 3 hereinabove was fully extinguished on September 28, 2011, by confusion in accordance with La. C.C. Arts. 1903 and 3319(2).

(2) Any and all modifications to the mortgage executed by LIRETTE after the sheriff's sale of the subject property on September 28, 2011, are either absolute or relative nullities because LIRETTE did not own the subject property at the time of their execution.

(3) LIRETTE is entitled to reimbursement for all amounts paid to any Defendant after September 28, 2011, pursuant to the purported mortgage and modifications.

Petitioners, MICHAEL and LISA LIRETTE, further pray that Judgment be entered herein in their favor and against all Defendants, ordering that they pay all damages and expenses incurred as a result of the actions set forth in this Petition, attorney fees, court costs, legal interest, treble damages if appropriate under La. R.S. 51:1401 et seq., and for any and all other equitable relief as this Honorable Court finds reasonable in the premises or deems proper and necessary.

RESPECTFULLY SUBMITTED,

CHRISTOPHER J. GUILLORY, L.L.C.

BY: _____
CHRISTOPHER J. GUILLORY (#29229)
P.O. Box 13195
Lake Charles, LA 70612-3195
(337) 855-2130 Telephone
(337) 855-2129 Facsimile
cjguillory@guillorylawfirm.com
ATTORNEY FOR PLAINTIFFS

PLEASE SERVE:

THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATEHOLDERSOF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2006-22,
*via its counsel,*
Herschel C. Adcock, Jr.

Herschel C. Adcock, Jr.
The Law Offices of Herschel C. Adcock, Jr.
13541 Tiger Bend Rd.
Baton Rouge, LA 70817

and

BANK OF AMERICA, N.A.,
*via its registered agent for service of process,*
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

and

SPECIALIZED LOAN SERVICING, L.L.C.,
*via its registered agent for service of process,*
United Agent Group, Inc.
1070-B West Causeway Approach
Mandeville, LA 70741

| | | |
|---|---|---|
| MICHAEL and LISA LIRETTE | : | 4th JUDICIAL DISTRICT COURT |
| VS. NO. _____, DIVISION ____ | : | PARISH OF OUACHITA |
| THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2006-22, BANK OF AMERICA, N.A., and SPECIALIZED LOAN SERVICING, LLC | : | STATE OF LOUISIANA |

18-0914

FILED: _____   :   _____

DEPUTY CLERK

## REQUEST FOR NOTICE AND SERVICE OF ALL EXHIBITS

In accordance with the provisions of La. Code. Civ. Proc. Art. 1572, Plaintiffs request

that they be sent, through undersigned counsel, written notice of the date assigned by the court

for trial on the merits as well as the date set for the hearing and/or trial of any and all motions,

pleadings and other matters, at least 10 days in advance of same, and written notice of the

signing of any final judgment and/or the rendition of any interlocutory order or judgment for the

above-numbered cause.

RESPECTFULLY SUBMITTED,

CHRISTOPHER J. GUILLORY, L.L.C.

BY: _____

CHRISTOPHER J. GUILLORY (#29229)
P.O. Box 13195
Lake Charles, LA 70612-3195
(337) 855-2130 Telephone
(337) 855-2129 Facsimile
cjguillory@guillorylawfirm.com
ATTORNEY FOR PLAINTIFFS

OPC.CV.5050851
CTF

# CITATION

| | DOCKET NUMBER: C-20180914 |
|---|---|
| MICHAEL LIRETTE, LISA LIRETTE | SEC: C3 |
| VS | STATE OF LOUISIANA |
| | PARISH OF OUACHITA |
| BANK OF NEW YORK MELLON FKA, BANK OF NEW YORK NOT IN | FOURTH JUDICIAL DISTRICT COURT |

ITS INDVIDUAL CAPACITY BUT
SOLEY AS TRUSTEE FOR, BENEFIT
OF THE CERTIFICATEHOLDER OF
THE, CWABS INC ASSET-BACKED
CERTIFICATES SERIES 2006-22,
BANK OF AMERICA NA,
SPECIALIZED LOAN SERVICING
LLC

                                        **ST TAMMANY PARISH**

TO:

    SPECIALIZED LOAN SERVICING LLC
    VIA ITS REGISTERED AGENT FOR SERVICE OF PROCESS UNITED
    AGENT GROUP INC
    1070-B WEST CAUSEWAT APPROACH
    MANDEVILLE, LA 70741

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition. The petition tells you what
you are being sued for.

You must EITHER do what the petition asks, OR, within **FIFTEEN (15) days** after you
have received these documents, you must file an answer or other legal pleadings in the
Office of the Clerk of this Court at the Ouachita Parish Court House, 301 South Grand,
Monroe, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading
within **FIFTEEN (15) days**, a judgment may be entered against you without further
notice.

This Citation was issued by the Clerk of Court for Ouachita Parish, on this MARCH 14,
2018.

                          OUACHITA PARISH CLERK OF COURT

Also attached are the following:
PETITION FOR DECLARATORY JUDGMENT AND FOR DAMAGES & REQUEST
FOR NOTICE AND SERVICE OF ALL EXHIBIT
                                    CONSTANCE T. ROY

                          By:_____
                                    Deputy Clerk

FILED BY:  CHRISTOPHER J GULLORY
_____  ORIGINAL

____✓____  SERVICE COPY
_____  FILE COPY

OPC.CV.5050844
CTF

--- ---

# CITATION

**MICHAEL LIRETTE, LISA LIRETTE**

**VS**

**BANK OF NEW YORK MELLON FKA, BANK OF NEW YORK NOT IN ITS INDVIDUAL CAPACITY BUT SOLEY AS TRUSTEE FOR, BENEFIT OF THE CERTIFICATEHOLDER OF THE, CWABS INC ASSET-BACKED CERTIFICATES SERIES 2006-22, BANK OF AMERICA NA, SPECIALIZED LOAN SERVICING LLC**

**DOCKET NUMBER: C-20180914**
**SEC: C3**
**STATE OF LOUISIANA**
**PARISH OF OUACHITA**
**FOURTH JUDICIAL DISTRICT COURT**

## EAST BATON ROUGE PARISH

TO:

     BANK OF NEW YORK MELLON FKA
     THRU COUNSEL OF RECORD HERSCHEL C ADCOCK JR
     13541 TIGER BEND ROAD
     BATON ROUGE, LA 70817

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition. The petition tells you what you are being sued for.

You must EITHER do what the petition asks, OR, within **FIFTEEN (15) days** after you have received these documents, you must file an answer or other legal pleadings in the Office of the Clerk of this Court at the Ouachita Parish Court House, 301 South Grand, Monroe, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within **FIFTEEN (15) days**, a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for Ouachita Parish, on this MARCH 14, 2018.

                OUACHITA PARISH CLERK OF COURT

Also attached are the following:
PETITION FOR DECLARATORY JUDGMENT AND FOR DAMAGES & REQUEST FOR NOTICE AND SERVICE OF ALL EXHIBITS
                      *CONSTANCE T. FOY*

          By:_____
              Deputy Clerk

FILED BY: CHRISTOPHER J GULLORY

_____ **ORIGINAL**

_____ **SERVICE COPY**
        / **FILE COPY**



OPC.CV.5050836
CTF

# CITATION

**MICHAEL LIRETTE, LISA LIRETTE**

**VS**

**BANK OF NEW YORK MELLON
FKA, BANK OF NEW YORK NOT IN
ITS INDVIDUAL CAPACITY BUT
SOLEY AS TRUSTEE FOR, BENEFIT
OF THE CERTIFICATEHOLDER OF
THE, CWABS INC ASSET-BACKED
CERTIFICATES SERIES 2006-22,
BANK OF AMERICA NA,
SPECIALIZED LOAN SERVICING
LLC**

**DOCKET NUMBER: C-20180914**
**SEC: C3**
**STATE OF LOUISIANA**
**PARISH OF OUACHITA**
**FOURTH JUDICIAL DISTRICT COURT**

**EAST BATON ROUGE PARISH**

TO:

    BANK OF AMERICA NA
    VIA ITS REGISTERED AGENT FOR SERVICE OF PROCESS CT
    CORPORATION SYSTEM
    3867 PLAZA TOWER DRIVE
    BATON ROUGE, LA 70816

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition. The petition tells you what
you are being sued for.

You must EITHER do what the petition asks, OR, within **FIFTEEN (15) days** after you
have received these documents, you must file an answer or other legal pleadings in the
Office of the Clerk of this Court at the Ouachita Parish Court House, 301 South Grand,
Monroe, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading
within **FIFTEEN (15) days**, a judgment may be entered against you without further
notice.

This Citation was issued by the Clerk of Court for Ouachita Parish, on this MARCH 14,
2018.

          OUACHITA PARISH CLERK OF COURT

Also attached are the following:
PETITION FOR DECLARATORY JUDGMENT AND FOR DAMAGES & REQUEST
FOR NOTICE AND SERVICE OF ALL EXHIBITS
        By: _____ CONSTANCE T. FOY
             Deputy Clerk

FILED BY: CHRISTOPHER J GULLORY

_____   **ORIGINAL**

_____   **SERVICE COPY**

_____   **FILE COPY**

# CHRISTOPHER J. GUILLORY
## ATTORNEY AT LAW

A LIMITED LIABILITY COMPANY

772 HIGHWAY 171 NORTH
MOSS BLUFF, LA 70611
P.O. BOX 13195
LAKE CHARLES, LA 70612

(337) 855-2130 TELEPHONE
(337) 855-2129 FACSIMILE
CJGUILLORY@GUILLORYLAWFIRM.COM
GUILLORYLAWFIRM.COM

March 12, 2018

VIA U.S. MAIL
Honorable Louise Bond
Clerk of Court
Parish of Ouachita
301 South Grand St., Suite 104
Monroe, LA 71201

Re:   Michael and Lisa Lirette v. The Bank of New York Mellon, et al., No.
      _____, Division "___", 4th Judicial District Court, Ouachita Parish,
      State of Louisiana

Dear Mrs. Bond:

Enclosed are one original Petition for Declaratory Judgment and for Damages and four copies of same in the above-captioned matter, and one original Request for Notice and one copy of same. I ask that the originals be filed into the record, and a copy of each be stamped as filed and returned to me. I also ask that the remaining copies (of the Petition) be served on the Defendants as follows:

THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATEHOLDERSOF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2006-22,
*via its counsel,*
Herschel C. Adcock, Jr.
The Law Offices of Herschel C. Adcock, Jr.
13541 Tiger Bend Rd.
Baton Rouge, LA 70817

and

BANK OF AMERICA, N.A.,
*via its registered agent for service of process,*
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816



and

SPECIALIZED LOAN SERVICING, L.L.C.,
*via its registered agent for service of process,*
United Agent Group, Inc.
1070-B West Causeway Approach
Mandeville, LA 70741

Also enclosed is a check drawn on this firm's account for filing fees.

Should you have any questions, or if any other information is necessary, please do not hesitate to contact me.

Sincerely,

Christopher J. Guillory

CJG/bms
Encl.

# RETURN

8719



OPC.CV.5050851
CTF

## CITATION

**MICHAEL LIRETTE, LISA LIRETTE**

**VS**

**BANK OF NEW YORK MELLON FKA, BANK OF NEW YORK NOT IN ITS INDVIDUAL CAPACITY BUT SOLEY AS TRUSTEE FOR, BENEFIT OF THE CERTIFICATEHOLDER OF THE, CWABS INC ASSET-BACKED CERTIFICATES SERIES 2006-22, BANK OF AMERICA NA, SPECIALIZED LOAN SERVICING LLC**

**DOCKET NUMBER: C-20180914**
**SEC: C3**
**STATE OF LOUISIANA**
**PARISH OF OUACHITA**
**FOURTH JUDICIAL DISTRICT COURT**

ST TAMMANY PARISH

TO:

SPECIALIZED LOAN SERVICING LLC
VIA ITS REGISTERED AGENT FOR SERVICE OF PROCESS UNITED AGENT GROUP INC
1070-B WEST CAUSEWAT APPROACH
MANDEVILLE, LA 70741

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition. The petition tells you what you are being sued for.

You must EITHER do what the petition asks, OR, within **FIFTEEN (15) days** after you have received these documents, you must file an answer or other legal pleadings in the Office of the Clerk of this Court at the Ouachita Parish Court House, 301 South Grand, Monroe, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within **FIFTEEN (15) days**, a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for Ouachita Parish, on this MARCH 14, 2018.

OUACHITA PARISH CLERK OF COURT

Also attached are the following:
PETITION FOR DECLARATORY JUDGMENT AND FOR DAMAGES & REQUEST FOR NOTICE AND SERVICE OF ALL EXHIBIT

By: _____
Deputy Clerk

FILED BY:  CHRISTOPHER J GULLORY

_____  ✓  ORIGINAL

_____     SERVICE COPY
_____     FILE COPY

FILED

APR 0 2 2018

DEP. CLERK
4 TH JUDICIAL DISTRICT COURT
OUACHITA PARISH

(37)20180914 - 1.00 -- C/P
Served PERS on                                      INT:  /
SPECIALIZED LOAN SERVICING LLC THRU UNITED
AGENT G at
1070 W Causeway Approach, MANDEVILLE
Service Date & Time: 3/21/2018  8:04:00AM
through Valerie (secretary)

8719 - DHEMING, JUAN, St. Tammany Parish

**Randy Smith**
**Sheriff St. Tammany PARISH**

Ouachita Parish Clerk of Court
P.O. Box 1862

Monroe, LA  71210

**DISTRICT COURT**
FOR THE PARISH OF ST. TAMMANY
3/23/2018

---

Case: (37) 20180914      MICHAEL LIRETTE AND LISA LIRETTE vs BANK OF NEW YORK MELON ET AL

| Nbr | Date | Service Type | Charges |
|-----|------|-------------|---------|
| 1 | 03/20/2018 | Citation & Petition | $30.00 |

SPECIALIZED LOAN SERVICING LLC THRU UNITED AGENT GROUP INC; 1070 W

**Date of Disposition:** 03/21/2018 **Disposition Type:** PERS THROUGH VALERIE (SECRETARY)

C/P

| | | | |
|-----|------|-------------|---------|
| 1 | 03/20/2018 | Mileage Charge | $10.60 |

**Date of Disposition:  Disposition Type:**

| | |
|---|---|
| **Case Total:** | **$40.60** |

---

| | |
|---|---|
| **Total:** | **$40.60** |

---

Please make check payable to:
Randy Smith, Sheriff
701 N. Columbia St.
Covington, LA 70433

TO BE RETURNED WITH PAYMENT

2018-Apr-04 03.46 PM McGlinchey Stafford 504-596-2800                           3/5

### 4th JUDICIAL DISTRICT COURT FOR THE PARISH OF OUACHITA

### STATE OF LOUISIANA

NO. 18-0914                                                  DIV. C SEC. 3

### MICHAEL AND LISA LIRETTTE

### VERSUS

### THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK AS
### TRUSTEE FOR THE BENEFIT OF THE CERTIFICATEHOLDERS OF THE CWABS,
### INC., ASSET-BACKED CERTIFICATES, SERIES 2006-22, BANK OF AMERICA, N.A.,
### AND SPECIALIZED LOAN SERVICING, LLC

FILED: _____APR 0 4 2018_____               _____
                                            DEPUTY CLERK

### *EX PARTE* MOTION FOR EXTENSION OF TIME TO PLEAD IN RESPONSE TO
### PETITION FOR DECLARATORY JUDGMENT AND FOR DAMAGES

Defendants, The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for

the Benefit of the Certificateholders of the CWABS, Inc., Asset-Backed Certifies, Series 2006-

22 ("BONY") and Specialized Loan Servicing, LLC ("SLS") (collectively, BONY and SLS are

referred to as "Defendants"), without waiving any objections to service of process, citation, or to

jurisdiction, and reserving all other rights, exceptions, and objections, respectfully moves this

Court for an extension of time to answer or otherwise plead in response to the Petition for

Declaratory Judgment and for Damages (the "Petition") filed by Plaintiffs, Michael and Lisa

Lirette ("Plaintiffs"). In support of this Motion, Defendants state as follows:

1.      On or about March 14, 2018, Plaintiffs filed their Petition and requested service

on SLS, through SLS's agent for service of process in Louisiana, and on BONY, through its

counsel of record in a prior executory process foreclosure action filed in this Court but who is

not currently BONY's counsel of record in this action.

2.      SLS was only recently served with the Petition on or about March 21, 2018, and

Defendants require additional time to investigate and analyze the allegations in the Petition to

prepare responsive pleadings. Therefore, Defendants respectfully request a 30-day extension of

time, through and including May 7, 2018, to file their responsive pleadings to the Petition.

3.      This is Defendants' first request for an extension of time, and the requested

3.   This is Defendants' first request for an extension of time, and the requested

extension will not delay or otherwise retard the progress of this matter.

CASE ASSIGNED TO.
# CV. SECT. 3

2018-Apr-04 03:46 PM McGlinchey Stafford 504-596-2800                          1/5

⊘ MᶜGLINCHEY STAFFORD PLLC

LOUISIANA
MISSISSIPPI
NEW YORK
OHIO
TEXAS

*FAX FILE REQUEST*

PLEASE REPLY TO:
12th Floor · 601 Poydras Street
New Orleans, LA 70130
Telephone: (504) 586-1200
FAX: (504) ~~596-2800~~

910-9414

Date: **4-4-18**

No. of Pages Transmitted Including Fax Transmittal Sheet: **5**

To: **Louise Bond, Clerk**

Fax #: **318·327·1462**

From: **Mark Deethardt**

Re: **Lirette vs. BONY ; 18-0914**

Original will not follow ___

Original will follow via:   Regular Mail ___      Federal Express ___      UPS ___

                            Hand Delivery ___     Other ___

Notes, Comments, Messages:

If you experience difficulties in transmission, or do not receive all pages indicated,

Please Call **Jessica**        **504-654-1111**
            | name                    | number

RECEIVED 2018 APR 4 PM ...

## Confidentiality Statement

The information contained in this facsimile message is attorney privileged and confidential information only for the use of the individual or entity named below. If you are not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any disclosure, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this transmission in error, please immediately notify us by telephone and return the original message to us at the above address via the United States Postal Service.

2018-Apr-04 03:46 PM McGlinchey Stafford 504-596-2800

2/5



**McGLINCHEY STAFFORD**

ATTORNEYS AT LAW

ALABAMA · CALIFORNIA · FLORIDA · LOUISIANA · MISSISSIPPI · NEW YORK · OHIO · TEXAS · WASHINGTON, DC

MARK R. DEETHARDT
(504) 596-2794
Fax (504) 910-9414
mdeethardt@mcglinchey.com

April 4, 2018

**FAX FILE REQUEST**
**VIA FACSIMILE (318) 327-1462**
Louise Bond
Clerk of Court – Parish of Ouachita
301 South Grand Street
Suite 104
Monroe, Louisiana 71201

RE:   Michael Lirette vs. The Bank of New York Mellon, et al
      4th JDC; Docket No. 18-0914

Dear Ms. Bond:

Attached please find an Ex Parte Motion for Extension of Time to Plead in Response to Petition for Declaratory Judgment and for Damages which we ask be fax filed into the referenced record today. The original, all necessary copies and a check for the associated filing fee shall be forthcoming.

Additionally, please forward a fax confirmation with the total amount due to me at the following fax number: (504) 910-9414.

Sincerely,

**McGlinchey Stafford**

Mark R. Deethardt

MRD/jnf
Attachment

cc:    Christopher Guillory (via email and/or facsimile and U.S. Mail)

601 Poydras Street, Suite 1200 • New Orleans, LA 70130 • (504) 596-1200 • Fax (504) 596-2800 • TDD (504) 596-2728 • www.mcglinchey.com

McGlinchey Stafford PLLC in Alabama, Florida, Louisiana, Mississippi, New York, Ohio, Texas, and Washington, DC.
McGlinchey Stafford LLP in California.

*FILED*
APR 0 4 2018
DEPUTY CLERK
4TH JUDICIAL DISTRICT
OUACHITA, LA.

**4th JUDICIAL DISTRICT COURT FOR THE PARISH OF OUACHITA**

**STATE OF LOUISIANA**

NO. 18-0914                                        **DIV. C SEC. 3**

**MICHAEL AND LISA LIRETTTE**

**VERSUS**

**THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2006-22, BANK OF AMERICA, N.A., AND SPECIALIZED LOAN SERVICING, LLC**

FILED:_____APR 0 9 2018_____          _____
                                       **DEPUTY CLERK**

_EX PARTE_ **MOTION FOR EXTENSION OF TIME TO PLEAD IN RESPONSE TO PETITION FOR DECLARATORY JUDGMENT AND FOR DAMAGES**

  Defendants, The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for

the Benefit of the Certificateholders of the CWABS, Inc., Asset-Backed Certifies, Series 2006-

22 ("BONY") and Specialized Loan Servicing, LLC ("SLS") (collectively, BONY and SLS are

referred to as "Defendants"), without waiving any objections to service of process, citation, or to

jurisdiction, and reserving all other rights, exceptions, and objections, respectfully moves this

Court for an extension of time to answer or otherwise plead in response to the Petition for

Declaratory Judgment and for Damages (the "Petition") filed by Plaintiffs, Michael and Lisa

Lirette ("Plaintiffs").  In support of this Motion, Defendants state as follows:

  1.  On or about March 14, 2018, Plaintiffs filed their Petition and requested service

on SLS, through SLS's agent for service of process in Louisiana, and on BONY, through its

counsel of record in a prior executory process foreclosure action filed in this Court but who is

not currently BONY's counsel of record in this action.

  2.  SLS was only recently served with the Petition on or about March 21, 2018, and

Defendants require additional time to investigate and analyze the allegations in the Petition to

prepare responsive pleadings.  Therefore, Defendants respectfully request a 30-day extension of

RECEIVED

time, through and including May 7, 2018, to file then responsive pleadings to the court.

    3.    This is Defendants' first request for an extension of time, and the requested

extension will not delay or otherwise retard the progress of this matter.

**CASE ASSIGNED TO.**

**CV. SECT. 3**

    WHEREFORE, Defendants BONY and SLS respectfully request that the Court grant

BONY and SLS a 30-day extension, through and including May 7, 2018, to file their responsive

pleadings.

    Respectfully submitted, this 4th day of April 2018.

Eric J. Simonson (#21876)
Mark R. Deethardt (#34511)
**McGlinchey Stafford, PLLC**
601 Poydras Street, 12th Floor
New Orleans, Louisiana 70130
Telephone: (504) 586-1200
Facsimile: (504) 596-2800

*Attorneys for Defendants:*
*The Bank of New York Mellon f/k/a The Bank of*
*New York, as Trustee for the Benefit of the*
*Certificateholders of the CWABS, Inc., Asset-*
*Backed Certifies, Series 2006-22 and*
*Specialized Loan Servicing, LLC*

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing *Ex Parte* Motion for Extension of Time to

Plead in Response to Petition for Declaratory Judgment and for Damages has been served upon

the following counsel of record, via U.S. mail, email, and/or facsimile, this 4th day of April,

2018:

        Christopher J. Guillory
        P.O. Box 13195
        Lake Charles, LA
        70612-3195

Mark Deethardt
MARK R. DEETHARDT

2



FILED
APR 0 4 2018
DEPUTY CLERK
4TH JUDICIAL DISTRICT COURT
OUACHITA PARISH, LA.

**4th JUDICIAL DISTRICT COURT FOR THE PARISH OF OUACHITA**

**STATE OF LOUISIANA**

NO. 18-0914                                          DIV. C SEC. 3

**MICHAEL AND LISA LIRETTTE**

**VERSUS**

**THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2006-22, BANK OF AMERICA, N.A., AND SPECIALIZED LOAN SERVICING, LLC**

FILED: _APR 0 9 2018_____      DeShra Schmidt
                                    **DEPUTY CLERK**

**ORDER**

Considering the foregoing *Ex Parte* Motion for Extension of Time to Plead in Response to Petition for Declaratory Judgment and for Damages filed by Defendants, The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Benefit of the Certificateholders of the CWABS, Inc., Asset-Backed Certifies, Series 2006-22 ("BONY") and Specialized Loan Servicing, LLC ("SLS") (collectively, the "Defendants");

IT IS HEREBY ORDERED that Defendants' Motion is granted and that BONY and SLS are granted an extension of time of 30 days, through and including May 7, 2018, within which to answer or otherwise plead in response to the Petition for Declaratory Relief and for Damages filed by Plaintiffs, Michael and Lisa Lirette.

Monroe, Louisiana, this _____ day of _____, 2018.

_____
**HONORABLE J. WILSON RAMBO**
**JUDGE, 4th JUDICIAL DISTRICT COURT**

3



OPC.CV.5050836
CTF

# CITATION

**MICHAEL LIRETTE, LISA LIRETTE**

**VS**

**BANK OF NEW YORK MELLON FKA, BANK OF NEW YORK NOT IN ITS INDVIDUAL CAPACITY BUT SOLEY AS TRUSTEE FOR, BENEFIT OF THE CERTIFICATEHOLDER OF THE, CWABS INC ASSET-BACKED CERTIFICATES SERIES 2006-22, BANK OF AMERICA NA, SPECIALIZED LOAN SERVICING LLC**

**DOCKET NUMBER: C-20180914**
**SEC: C3**
**STATE OF LOUISIANA**
**PARISH OF OUACHITA**
**FOURTH JUDICIAL DISTRICT COURT**

## EAST BATON ROUGE PARISH

TO:

BANK OF AMERICA NA
VIA ITS REGISTERED AGENT FOR SERVICE OF PROCESS CT
CORPORATION SYSTEM
3867 PLAZA TOWER DRIVE
BATON ROUGE,  LA 70816

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition. The petition tells you what you are being sued for.

You must EITHER do what the petition asks, OR, within **FIFTEEN (15) days** after you have received these documents, you must file an answer or other legal pleadings in the Office of the Clerk of this Court at the Ouachita Parish Court House, 301 South Grand, Monroe, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within **FIFTEEN (15) days**, a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for Ouachita Parish, on this MARCH 14, 2018.

OUACHITA PARISH CLERK OF COURT

Also attached are the following:
PETITION FOR DECLARATORY JUDGMENT AND FOR DAMAGES & REQUEST
FOR NOTICE AND SERVICE OF ALL EXHIBITS

By: _____
Deputy Clerk

I made service on the named party through the
CT Corporation

FILED BY:  CHRISTOPHER J GULLORY

ORIGINAL

ORIGINAL

SERVICE COPY

FILE COPY

FILED

APR 10 2018

DEPUTY CLERK
4th JUDICIAL DISTRICT COURT
OUACHITA PARISH, LA

MAR 2▢ ▢

by tendering a copy of this document to
☐ Jeannine Beauregard   ☐ Brenna Beauregard
☐ Alison Reed

E. Cummins

Deputy Sheriff, Parish of East Baton Rouge, Louisiana



**Sid J. Gautreaux**
**Sheriff East Baton Rouge Parish**

Clerk of Court  Ouachita Parish
P.O. Box 1862

Monroe, LA  71210

**DISTRICT COURT**
For the Parish of East Baton Rouge
3/28/2018

| Case: (37) 20180914 | | MICHAEL LIRETTE, LISA LIRETTE vs BANK OF NEW YORK MELLON FKA, BANK OF NEW YORK NOT IN ITS IND. CAPACITY BUT SOLEY AS TRUSTEE FOR BENEFIT OF THE | |
| --- | --- | --- | --- |
| 1,503,730 | | | |
| Nbr | Date | Service Type | Charges |
| 1 | 03/28/2018 | Citation<br>; 1 CT; BATON ROUGE, LA 70816 | $0.64 |
| 1 | 03/28/2018 | Mileage Charge | $9.36 |
| | | **Case Total:** | **$10.00** |
| | | **Total:** | **$10.00** |

```
Please make check payable to:
   Sid J. Gautreaux, Sheriff
        P.O. Box 3277
     Baton Rouge, LA 70821
```

```
PLEASE RETURN THIS BILL WITH CHECK
```



*220*

OPC.CV.5050844
CTF

# CITATION

**MICHAEL LIRETTE, LISA LIRETTE**

**VS**

**BANK OF NEW YORK MELLON FKA, BANK OF NEW YORK NOT IN ITS INDVIDUAL CAPACITY BUT SOLEY AS TRUSTEE FOR, BENEFIT OF THE CERTIFICATEHOLDER OF THE, CWABS INC ASSET-BACKED CERTIFICATES SERIES 2006-22, BANK OF AMERICA NA, SPECIALIZED LOAN SERVICING LLC**

**DOCKET NUMBER: C-20180914**
**SEC: C3**
**STATE OF LOUISIANA**
**PARISH OF OUACHITA**
**FOURTH JUDICIAL DISTRICT COURT**

## EAST BATON ROUGE PARISH

TO:

    BANK OF NEW YORK MELLON FKA
    THRU COUNSEL OF RECORD HERSCHEL C ADCOCK JR
    13541 TIGER BEND ROAD
    BATON ROUGE, LA 70817

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition. The petition tells you what you are being sued for.

You must EITHER do what the petition asks, OR, within **FIFTEEN (15) days** after you have received these documents, you must file an answer or other legal pleadings in the Office of the Clerk of this Court at the Ouachita Parish Court House, 301 South Grand, Monroe, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within **FIFTEEN (15) days**, a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for Ouachita Parish, on this MARCH 14, 2018.

                    OUACHITA PARISH CLERK OF COURT

Also attached are the following:
PETITION FOR DECLARATORY JUDGMENT AND FOR DAMAGES & REQUEST FOR NOTICE AND SERVICE OF ALL EXHIBITS

        By: _____
        Deputy Clerk

FILED BY: CHRISTOPHER J GULLORY

_____ / ORIGINAL

_____ SERVICE COPY
_____ FILE COPY

FILED

RECEIVED

MAR 28 2018

EBR SHERIFF'S OFFICE

APR 1 0 2018

4TH JUDICIAL DISTRICT COURT
OUACHITA PARISH, LA

**Sid J. Gautreaux**
**Sheriff East Baton Rouge Parish**

Clerk of Court  Ouachita Parish
P.O. Box 1862

Monroe, LA  71210

**DISTRICT COURT**
For the Parish of East Baton Rouge
3/28/2018

| Case: (37)  20180914 | | MICHAEL LIRETTE, LISA LIRETTE vs BANK OF NEW YORK MELLON FKA, BANK OF | |
|---|---|---|---|
| 1,503,730 | | NEW YORK NOT IN ITS IND. CAPACITY BUT SOLEY AS TRUSTEE FOR BENEFIT OF THE | |
| **Nbr** | **Date** | **Service Type** | **Charges** |
| 2 | 03/28/2018 | Citation | $0.64 |
| | | ; 13541 TIGER BEND RD; BATON ROUGE, LA 70817 | |
| 2 | 03/28/2018 | Mileage Charge | $11.20 |
| | | **Case Total:** | **$11.84** |
| | | **Total:** | **$11.84** |

Please make check payable to:
Sid J. Gautreaux, Sheriff
P.O. Box 3277
Baton Rouge, LA 70821

PLEASE RETURN THIS BILL WITH CHECK

2/4

2018-Apr-16 11:01 AM McGlinchey Stafford 504-596-2800

## 4th JUDICIAL DISTRICT COURT FOR THE PARISH OF OUACHITA

### STATE OF LOUISIANA

NO. 18-0914                                                DIV. C SEC. 3

### MICHAEL AND LISA LIRETTE

### VERSUS

### THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2006-22, BANK OF AMERICA, N.A., AND SPECIALIZED LOAN SERVICING, LLC

FILED: _____APR 1 6 2018_____          _____
                                              DEPUTY CLERK

### BANK OF AMERICA, N.A'S *EX PARTE* MOTION FOR EXTENSION OF TIME TO PLEAD IN RESPONSE TO PETITION FOR DECLARATORY JUDGMENT AND FOR DAMAGES

Defendant, Bank of America, N.A. ("BANA"), without waiving any objections to service of process, citation, or to jurisdiction, and reserving all other rights, exceptions, and objections, respectfully moves this Court for an extension of time to answer or otherwise plead in response to the Petition for Declaratory Judgment and for Damages (the "Petition") filed by Plaintiffs, Michael and Lisa Lirette ("Plaintiffs"). In support of this Motion, BANA states as follows:

1.

On or about March 14, 2018, Plaintiffs filed their Petition and requested service on BANA, through BANA's agent for service of process in Louisiana.

2.

BANA was only recently served with the Petition on or about March 29, 2018, and BANA requires additional time to investigate and analyze the allegations in the Petition to prepare responsive pleadings. Therefore, BANA respectfully requests a 30-day extension of time, through and including May 16, 2018, to file its responsive pleadings to the Petition.

3.

This is BANA's first request for an extension of time, and the requested extension will not delay or otherwise retard the progress of this matter.

WHEREFORE, Defendant BANA respectfully requests that the Court grant BANA a 30-

day extension, through and including May 16, 2018, to file its responsive pleadings.

**CASE ASSIGNED TO.**
# CV. SECT. 3

2018-Apr-16 11:01 AM McGlinchey Stafford 504-596-2800                              3/4

Respectfully submitted, this 16th day of April 2018.

Stephen W. Rider (#02071)
**McGlinchey Stafford, PLLC**
601 Poydras Street, 12th Floor
New Orleans, Louisiana 70130
Telephone: (504) 586-1200
Facsimile: (504) 596-2800

*Counsel for Defendant:*
*Bank of America, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Ex Parte* Motion for Extension of Time to

Plead in Response to Petition for Declaratory Judgment and for Damages has been served upon

the following counsel of record, via U.S. mail, email, and/or facsimile, this 16th day of April,

2018:

Christopher J. Guillory
P.O. Box 13195
Lake Charles, LA
70612-3195

Eric J. Simonson
Mark R. Deethardt
**McGlinchey Stafford, PLLC**
601 Poydras Street, 12th Floor
New Orleans, Louisiana 70130

STEPHEN W. RIDER

2

2018-Apr-16 11:01 AM McGlinchey Stafford 504-596-2800

4/4

**4th JUDICIAL DISTRICT COURT FOR THE PARISH OF OUACHITA**

**STATE OF LOUISIANA**

DIV. C SEC. 3

NO. 18-0914

**MICHAEL AND LISA LIRETTE**

**VERSUS**

**THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2006-22, BANK OF AMERICA, N.A., AND SPECIALIZED LOAN SERVICING, LLC**

FILED: _____APR 1 6 2018_____          _____
                                        DEPUTY CLERK

**ORDER**

Considering the foregoing *Ex Parte* Motion for Extension of Time to Plead in Response to Petition for Declaratory Judgment and for Damages filed by Defendant, Bank of America, N.A. ("BANA");

IT IS HEREBY ORDERED that BANA's Motion is granted and that BANA is granted an extension of time of 30 days, through and including May 16, 2018, within which to answer or

otherwise plead in response to the Petition for Declaratory Relief and for Damages filed by

Plaintiffs, Michael and Lisa Lirette.

Monroe, Louisiana, this _____ day of _____, 2018.


_____
HONORABLE J. WILSON RAMBO
JUDGE, 4th JUDICIAL DISTRICT COURT


3


2018-Apr-16 11:01 AM McGlinchey Stafford 504-596-2800                              1/4


# McGLINCHEY STAFFORD

**ATTORNEYS AT LAW**

CALIFORNIA   FLORIDA   LOUISIANA   MISSISSIPPI   NEW YORK   OHIO   TEXAS


## MEMORANDUM OF TRANSMITTAL


**TO:**        Ouachita Parish Clerk of Court          **FAX #:** 318-327-1462

**FROM:**      Stephen Rider

**DATE:**      April 16, 2018

**RE:**        *Lirette v The Bank of New York Mellon, et al*
               4th JDC No. 18-0914, C-3


**NO. OF PAGES:**     4 (Including Cover)


**MESSAGES: Attached please find Bank of America's *Ex Parte* Motion for Extension of Time
to Plead in Response to Petition for Declaratory Judgment and for Damages, which we ask
that you file into the record for the above-referenced matter.**

Upon receipt of a fax confirmation of filing, we will forward the original of the documents to you with a check to cover the necessary filing fees within the normal time delay.

**Please send confirmation of fax filing to: (504) 910-9566.**

Please contact my assistant, Susan Fullmer, at 504-654-1124 if you have any questions.

RECEIVED
2018 APR 16 AM 11:17
PAUL CLERK OF COURT

**IF YOU EXPERIENCE DIFFICULTIES IN TRANSMISSION, OR DO NOT RECEIVE ALL PAGES INDICATED, PLEASE CONTACT** Susan Fullmer at 504-654-1124.

**Confidentiality Statement**

"The information contained in this facsimile message is attorney privileged and confidential information intended only for the use of the individual or entity named above. If you are not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any disclosure, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this transmission in error, please immediately notify us by telephone and return the original message to us at the below address via the United States Postal Service."

12th Floor, 601 Poydras Street • New Orleans, LA 70130 • (504) 586-1200 • Fax (504) 596-2800 • TDD (504) 596-2726 • www.mcglinchey.com

McGlinchey Stafford PLLC in Florida, Louisiana, Mississippi, New York, Ohio and Texas. McGlinchey Stafford LLP in California.